**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEONID BEYLIN, | ) | CASE NO. CV 09-01839 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, who suffers from Crohn's disease, asserts two errors in the Administrative Law Judge's handling of his case.

Plaintiff titles his first claim of error as follows:

> Where the ALJ Treats a Clinical Course Involving Multiple Surgeries With a Singular Homogenous Brush, the Court Should Remand to Consider the Discrete and Different Periods

The Court has no idea what this means.

The Court therefore will focus on what it can decipher from the argument itself. Reading through the argument, it appears that Plaintiff complains of the Administrative Law Judge's finding that there is no evidence that Plaintiff was unable to

engage in substantial gainful activity for a continuous twelve month period prior to June 30, 2005, the date that he was last insured for Title II purposes. [AR 15] Plaintiff does not actually dispute this finding directly. It appears to be Plaintiff's argument, however, that because he had surgery in March 2005, the Administrative Law Judge should consider the period from March 2005 to March 2006. The Court does not follow the logic. It is true that Plaintiff had Crohn's disease prior to the date last insured. It is true that he had surgery before the date last insured. It is true he had surgery after the date last insured as well. Plaintiff still points to no evidence of a continuous inability to engage in substantial gainful activity for a continuous twelve-month period before the date last insured or, for that matter, beginning in March 2005 and extending past the date last insured.

Plaintiff's second argument is that the Administrative Law Judge wrongly rejected his testimony. An administrative law judge may use ordinary techniques of assessing credibility, *Bunnell v. Sullivan*, 947 F.2d 341, 345-47 (9th Cir. 1991) (*en banc*), and the Administrative Law Judge did just that here. He stated that Plaintiff's testimony as to the debilitating nature of his impairment was inconsistent with the medical evidence, and referenced medical opinions that Plaintiff was capable of performing normal activities and that there were no restrictions on his abilities to perform. [AR 16]. While inconsistency with medical evidence is not alone determinative, it still is a factor that the Administrative Law Judge may consider. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). He also stated that Plaintiff had participated in training and internships that were inconsistent with a claimed inability to work. [AR 16] While this particular reason is not as compelling, given Plaintiff's statement, in the same document as that which the Administrative Law Judge referenced, that doing so was difficult because of the frequent need for bathroom breaks and his fatigue [AR 107], nevertheless it still is entitled to some deference in that — despite Plaintiff's difficulties — he was able to attend the classes and do the work. Finally, the Administrative Law Judge noted that Plaintiff's credibility was diminished by his frank admission that, if he worked, he would lose his entitlement to

General Relief, and the accompanying subsidized medical care. [AR 16] This too was appropriate for consideration.

The Court finds no error requiring a remand. Accordingly, the decision of the Commissioner is affirmed.

DATED: February 26, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE